IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  5:06cr087/MW/GRJ
  5:16cv148/MW/GRJ

DANIEL BERNARD BELL
_____

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 112), and the Government's Response. (ECF No. 118.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I.  BACKGROUND

On November 14, 2006, a grand jury returned a six-count, Superseding Indictment naming Petitioner and co-defendant Don Alywin McCaskill, Jr. The Superseding Indictment charged Petitioner with: 1) conspiracy to distribute and possess with intent to distribute more than fifty grams of a mixture and substance containing cocaine base, commonly known as "crack cocaine," between January 1, 2006, and November 14, 2006, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii) and 846 (Count One); 2) distribution of a mixture and substance containing cocaine base, on or about June 28, 2006, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(C) (Count Two); 3) distribution of a mixture and substance containing cocaine base, on or about August 4, 2006, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(C), and Title 18, United States Code, Section 2. (Count Three); 4) distribution of more than five grams of a mixture and substance cocaine base on or about August 29, 2006, in violation of 21, United States Code, Sections 841(a) and 841(b)(1)(B)(iii) (Count Four); and 5) possession with intent to distribute more than five

grams of a mixture and substance containing cocaine base on or about October 20, 2006, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)(iii) (Count Five). (ECF No. 22.)

On December 7, 2006, the Government filed an Information and Notice of Intent to seek enhanced penalties pursuant to Title 21, United States Code, Sections 841 & 851, based on nine prior convictions for controlled-substance offenses. (ECF No. 32.) Due to the enhancement, Petitioner faced a mandatory life term of imprisonment, a ten-year term of supervised release, an $8 million fine, and a $100 special assessment. *Id.*

Petitioner entered into a plea and cooperation agreement with the Government in which he agreed to plead guilty to Count One in exchange for the Government's promise to dismiss the remaining counts. (ECF No. 42.) United States District Judge Richard Smoak accepted the guilty plea on December 14, 2006. (ECF No. 43.) Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (ECF No. 113.) The PSR reflected that Petitioner had a base-offense level of 36. *Id.* at ¶ 18. The PSR further applied a career-offender enhancement under § 4B1.1 because the offense was a felony

controlled-substance offense, and Petitioner has at least two prior felony convictions that qualify as either a crime of violence or a controlled-substance offense. *Id.* at ¶ 24. After adjustments for acceptance of responsibility, Petitioner's total-offense level was 34. *Id.* at ¶ 26. Petitioner's criminal history category was VI. *Id.* at ¶ 40. Pursuant to 21 U.S.C. § 841(b)(1)(A), Petitioner faced a statutory mandatory minimum term of life imprisonment. *Id.* at ¶ 59. The applicable Guidelines range was 262 to 327 months of imprisonment. However, because the statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence of life imprisonment became the Guidelines sentence pursuant to § 5G1.1(b). *Id.* at ¶ 60.

On February 22, 2007, Judge Smoak sentenced Petitioner to 180 months of imprisonment, a ten-year term of supervised release, and a $100 Special Monetary Assessment. (ECF No. 51.) The Court entered the judgment against Petitioner the same day. (ECF No. 54.) Petitioner did not appeal his conviction to the Eleventh Circuit Court of Appeals. Instead, Petitioner filed various post-conviction motions seeking reduction of his

sentence pursuant to U.S.S.G. Amendments 706, 750, and 782, all of which the Court denied. (ECF Nos. 60, 96, & 102.)

On May 23, 2016, Petitioner filed the instant *pro se* Motion pursuant to § 2255. In his sole ground for relief, Petitioner argues that his career-offender sentence enhancement under the Sentencing Guidelines is unlawful after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II. ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin,* 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### *B. Time Bar*

The Government correctly asserts that Petitioner's Motion is barred by the statute of limitations. Section 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on February 22, 2007, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. *See* FED. R. APP. P. 4(b)(1). Thus, the instant Motion, filed on May 23, 2016, is untimely by more than eight years.

Petitioner seeks to invoke § 2255(f)(3) to overcome the time-bar on the grounds that the Motion was filed within one year of the Supreme Court's decision in *Johnson*.

In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it was unconstitutionally vague because it created uncertainty about (1) how to evaluate the risks posed by the crime and (2) how much risk it takes to qualify as a violent felony. 135 S. Ct. at 2557-58. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136

S. Ct. 1257, 1264-65, 1268 (2016). However, Petitioner was not sentenced as an armed career criminal under the ACCA's residual clause. Therefore, Petitioner cannot rely on *Johnson* to circumvent the untimeliness of his Motion.

Rather, Petitioner was found to be a career offender under the Sentencing Guidelines. However, the Supreme Court and the Eleventh Circuit have held that *Johnson* does not apply to the advisory Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886 (2017); *United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015). Moreover, Petitioner's designation as a career offender is irrelevant because the statutory mandatory minimum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) became the sentencing range pursuant to § 5G1.1(b). *See* PSR ¶ 60. Petitioner has not presented sufficient grounds to overcome the untimeliness of his Motion. Accordingly, this Motion should be dismissed with prejudice as time-barred.

### C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so

here. Accordingly, to the extent Petitioner requests an evidentiary hearing, his request is denied.

### III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown he is entitled to § 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).

Case Nos.: 5:06cr87/MW/GRJ; 5:16cv148/MW/GRJ

Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 112) should be **DISMISSED WITH PREJUDICE**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of February, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 5:06cr87/MW/GRJ; 5:16cv148/MW/GRJ

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:06cr87/MW/GRJ; 5:16cv148/MW/GRJ